1
2
3
4

Paul H. Duvall (SBN 73699)
E-Mail: pduvall@kingballow.com
KING & BALLOW
6540 Lusk Blvd., Suite 250
San Diego, CA 92121
(858) 597-6000  Facsimile: (858) 597-6008

5
6
7
8

Mark L. Block (SBN 115457)
E-Mail: mblock@wargofrench.com
WARGO FRENCH LLP
1888 Century Park East
Suite 1520
Los Angeles, CA 90067
(310) 853-6355  Facsimile: (310) 853-6333

9
10

Special and Limited Appearance for Defendants
Armen Boladian, Westbound Records, Inc., and
Sync2Picture, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DISTRICT**

| | |
|---|---|
| GEORGE CLINTON,<br>            Plaintiff,<br><br>      vs.<br><br>NENE MONTES, an individual and d/b/a TERCER MUNDO, INC., a suspended Cal. Corp, CHARLY ACQUISITIONS, LTD, a Nevis private company, LICENSEMUSIC.COM, ApS, a Denmark private company, ARMEN BOLADIAN, an individual, WESTBOUND RECORDS, INC., a Mich. Corp., ACE RECORDS, LTD, a United Kingdom private company, UNION SQUARE MUSIC, LTD, a United Kingdom private company, SNAPPER MUSIC, LTD, a United Kingdom private company, ATOM MUSIC, LTD, an Ireland private company, ARTISTRY MUSIC, LTD,  a United Kingdom private company, SYNC2PICTURE, LLC, a Mich. limited liability company, X5 MUSIC | Case No. CV 11-10062-R (SH)<br><br>**(1)      NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND FED R. CIV. P  4(m) FOR INSUFFICIENT SERVICE OF PROCESS**<br><br>**(2)      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: August 20, 2012**<br>**Time: 10:00 am**<br>**Judge: Hon. Manuel L. Real**<br>**Courtroom: 8- 2nd Floor** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
GROUP, a Sweden private company,
        Defendants.

3

4

5    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

6    PLEASE TAKE NOTICE THAT on August 20, 2012, at 10:00 a.m. or as soon
7
8    thereafter as the matter can be heard, in Courtroom of the Hon. Manuel Real, located at
9    312 N. Spring Street, Los Angeles, California, Courtroom 8- 2nd Floor, Defendants
10   Armen Boladian, Westbound Records, Inc., and Sync2Picture, LLC hereby move the
11
12   Court for an order dismissing Plaintiff's Complaint for failure to serve.  This motion is
13   brought pursuant to Federal Rule of Civil Procedure 12(b)(5), and is made on the
14
15   grounds that: (1) Plaintiff, George Clinton, filed his Complaint in this action on December
16   5, 2011; (2) pursuant to Fed. R. Civ. P. 4(m), Plaintiff was required to serve Defendants
17   "within 120 days after the complaint is filed;" (3) 226 days have passed since Plaintiff
18
19   filed his Complaint; and (4) Defendants Armen Boladian, Westbound Records, Inc., and
20   Sync2Picture, LLC have not been served. Defendants and their counsel make their
21   special limited appearance before this Court without waiving their jurisdictional
22
23   objections.

24   The Motion will be based on this Notice of Motion and Motion, the
25   accompanying Memorandum of Points and Authorities, the Declaration of Richard S.
26   Busch, the Declaration of Paul H. Duvall, any reply papers submitted in support of this
27
28

- 2 -
DEFENDANTS ARMEN BOLADIAN, WESTBOUND RECORDS, INC., AND SYNC2PICTURE, LLC'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) AND 4(m)

1  motion, oral argument of counsel at the hearing on this Motion, the complete files and

2
   records in this action, and such additional matters as the Court may consider.
3

4       This motion is made following the conference of counsel pursuant to Local Rule

5  7-3 which took place on June 27, 2012.

6

7  DATED:  July 18, 2012                     Respectfully submitted,

8
                                           PAUL H. DUVALL
9                                          KING & BALLOW

10

11                                         By: _____/s/ Paul H. Duvall_____
                                                    PAUL H. DUVALL
12
                                           Special and Limited Appearance for
13                                         Defendants Armen Boladian, Westbound
                                           Records, Inc., and Sync2Picture, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS ARMEN BOLADIAN, WESTBOUND RECORDS, INC., AND SYNC2PICTURE, LLC'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) AND 4(m)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Armen Boladian, Westbound Records, Inc., and Sync2Picture, LLC (collectively, "Defendants") respectfully request that the Court dismiss this lawsuit for insufficient service of process.  Defendants and their counsel enter this special and limited appearance to defend the action without waiving their jurisdictional objections. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Friends of Roeding Park v. City of Fresno*, 2012 U.S. Dist. LEXIS 22428 at *2 (E.D. Cal. Jan. 21, 2012), quoting *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) (See Declaration of Paul H. Duvall "Duvall Decl." at ¶3).

To determine whether service of process is proper for purposes of Fed. R. Civ. P. 12(b)(5), courts look to the requirements of Fed. Rule of Civ. Pro. 4.  *Bender v. Nat'l Semiconductor Corp.,* 2009 U.S. Dist. LEXIS 81842 at *4 (N.D. Cal. Sept. 9, 2009) (Duvall Decl. at ¶4).  Plaintiff has failed to serve Defendants "within 120 days after the complaint is filed," as required by Fed. R. Civ. P. 4(m).

When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  "'The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the

DEFENDANTS ARMEN BOLADIAN, WESTBOUND RECORDS, INC., AND SYNC2PICTURE, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) AND 4(m)

1
2
3
4

plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point, the district court may in its discretion either dismiss the case without prejudice or extend the time for service.'"

5
6
7

*Matasareanu v. Williams,* 183 F.R.D. 242, 246 (C.D. Cal. 1998), quoting *Espinoza v. United States*, 52 F.3d 838 (10th Cir. Colo. 1995).

8
9
10
11
12
13
14
15

"The Ninth Circuit has characterized good cause, at a minimum, as 'excusable neglect.'" *Id.*, citing *Electrical Specialty Co. v. Road & Ranch Supply, Inc.,* 967 F.2d 309, 312 (9th Cir. 1992) and *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991). "The good cause exception applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse the failure to serve." *Id.*, citing *Hamilton v. Endell,* 981 F.2d 1062, 1065 (9th Cir. 1992).

16
17

Here, Plaintiff cannot meet his burden of establishing good cause for failing to properly serve Defendants as required by Rule 4.

18
19
20
21
22
23
24
25

On December 5, 2011, Plaintiff filed his Complaint in this action. On January 13, 2012, Plaintiff attempted to have Defendants waive service under Fed. R. Civ. P. 4(d) by sending three copies of a "Notice of Lawsuit and Request for Waiver of Service of Summons" ("Notice and Request") for each of the Defendants to the office of Richard S. Busch, which was received by his office on January 18, 2012. (See Declaration of Richard S. Busch "Busch Decl." at ¶2-3).

26
27
28

DEFENDANTS ARMEN BOLADIAN, WESTBOUND RECORDS, INC., AND SYNC2PICTURE, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) AND 4(m)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

However, Plaintiff's Notice and Request was deficient for a number of reasons. First, under 4(d)(1), a plaintiff must "state the date when the request is sent" and "give the defendant a reasonable time of at least 30 days after the request was sent…to return the waiver." Fed. R. Civ. P. 4(d)(1)(E) & (F).  Here, while counsel for Plaintiff dated the Notice and Request on December 5, 2011, and provided Defendants 30 days to return the waiver, the Notice and Request itself was not sent via the United States Postal Service until January 13, 2012, and was not received by the Nashville, Tennessee office of King & Ballow until January 18, 2012. (*See* Busch Decl. at ¶2-3 and 5-6). Accordingly, Plaintiff sent the Notice and Request 39 dates after the date Plaintiff provided on the Notice and Request, and the Notice and Request was received 44 days after the date provided, making compliance with  4(d)(1) within the 30 days provided on the Notice and Request an impossibility.

17
18
19
20
21
22
23
24
25
26
27

Further, Plaintiff did not serve the Notice and Request on Defendants Armen Boladian, Westbound Records, Inc., or Sync2Picture, LLC, but instead sent the Notice and Request to Richard S. Busch, an attorney who has not entered an appearance in this case.  Rule 4(d)(1) allows a plaintiff to send a request for waiver of service to "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)."  While Rule 4(e) provides that an individual may be served by "(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process," and Rule 4(h) provides that a corporation may be served "(B) by delivering a

28

DEFENDANTS ARMEN BOLADIAN, WESTBOUND RECORDS, INC., AND SYNC2PICTURE, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) AND 4(m)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Mr. Busch is not an agent authorized by appointment or by law to receive service of process for Defendants Armen Boladian, Westbound Records, Inc., or Sync2Picture, LLC. (*See* Busch Decl. at ¶8). Nor is Mr. Busch an officer or managing or general agent of Westbound Records, Inc. or Sync2Picture LLC. *Id.* at ¶9. Instead, Mr. Busch is an attorney who has represented Defendants in the past in various litigation, but who has not entered an appearance in this matter. *Id.* at ¶10.

Accordingly, the Notice and Request sent by Plaintiff is deficient, and does not waive Plaintiff's requirement to properly serve Defendants under Rule 4.

Pursuant to Fed. R. Civ. P. 4(m): "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Therefore, Plaintiff was required to serve Defendants by April 3, 2012, *120 days after the Complaint was filed*. To date, Defendants have not been served with a summons or the Complaint. (*See* Duvall Decl. at ¶ 2). Further, Plaintiff has failed to file a proof of service with the Court pursuant to Fed. R. Civ. P. 4(l).

- 4 -
DEFENDANTS ARMEN BOLADIAN, WESTBOUND RECORDS, INC., AND SYNC2PICTURE, LLC'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) AND 4(m)

1   For the reasons set forth herein, Defendants respectfully request that the Court grant

2

3   its Motion to Dismiss for failure to serve within 120 days of the filing of the Complaint,

4   pursuant to Fed. R. Civ. P. 4(m).

5

6

DATED:  July 18, 2012                           Respectfully submitted,

7

8                                               PAUL H. DUVALL
                                                KING & BALLOW
9

10

                                                By:        /s/ Paul H. Duvall
11                                                         PAUL H. DUVALL

12                                              Special and Limited Appearance for
                                                Defendants Armen Boladian, Westbound
13                                              Records, Inc., and Sync2Picture, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS ARMEN BOLADIAN, WESTBOUND RECORDS, INC., AND SYNC2PICTURE, LLC'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(5) AND 4(m)